# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHANTÉ S. WHITE, ) | |
| ) | |
| Plaintiff, *pro se*, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | 1:11CV300 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on Defendant's motion to dismiss, or in the alternative, for summary judgment [docket no. 8] on Plaintiff's complaint for money owed [docket no. 5]. Defendant argues that the complaint should be dismissed for lack of subject-matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) or for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). Defendant alternately argues that summary judgment should be granted in its favor pursuant to FED. R. CIV. P. 56. Plaintiff has been notified of her right to file a response [docket no. 11], but she has not done so. The time to file a response has passed, and the matter is thus ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion must be dealt with by way of recommendation. For the reasons discussed herein, it will be recommended that the court grant Defendant's motion to dismiss Plaintiff's complaint for money owed.

**BACKGROUND**

Plaintiff alleges that an in-transit United States Postal Service ("USPS") truck, driven by Curtis Lee Bronson, lost a tire that then hit her vehicle. (Compl.) She filed — in the General Court of Justice, District Court Division, Small Claims Court of Durham County, North Carolina — a complaint against Mr. Bronson and USPS for money owed. (Compl.)

Because the United States Attorney certified that at the time of the events that gave rise to Plaintiff's complaint Mr. Bronson was acting within the scope of his employment with the federal government (*See* Mem. in Support of Mot. to Dismiss, Exh. A) ("Mem.") [docket no. 9], the United States removed the action to this court, deemed the action one against the United States under the Federal Tort Claims Act ("FTCA"), and substituted itself as Defendant. *See* 28 U.S.C. §§ 1441, 1442(a), and 2679(d).

**STANDARD OF REVIEW**

Because this court lacks subject-matter jurisdiction over this case and thus the Plaintiff's complaint for money owed can and should be dismissed under Fed. R. Civ. P. 12(b)(1), only this ground for dismissal is considered.

"When a defendant's motion to dismiss challenges a federal court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a plaintiff bears the burden of proving that such jurisdiction exists." *Esau v. Victor*, No.1:02CV147, 2003 WL 1522946, at *2 (M.D.N.C. 2003) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th

Cir.1982)). "A court should dismiss an action for want of subject matter jurisdiction 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.' In ruling on a motion to dismiss for lack of jurisdiction, the court may consider materials beyond the bare pleadings." *Esau*, 2003 WL 1522946, at *2 (quoting and citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). With these principles in mind, the court now turns to the motion to dismiss.

**DISCUSSION**

Defendant argues that Plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) because Plaintiff did not file an administrative claim with USPS prior to filing her complaint for money owed. (Mem. 7-8). Plaintiff, who bears the burden of proving the court's subject-matter jurisdiction, has filed no response to Defendant's motion. Defendant's motion is thus unopposed.

The FTCA, which governs civil lawsuits against the United States, 28 U.S.C. § § 1346, 2671 et. seq., requires that an administrative claim be filed with the responsible federal agency before a complaint against the United States is filed in court. 28 U.S.C. § 2675(a). Where a Plaintiff fails to first file an administrative claim, the court lacks subject-matter jurisdiction. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986).

According to Linda K. Crump, Supervisor, Tort Claims Examiner/Adjudicator with the National Tort Center, United States Postal Service, USPS has not received an administrative claim[1] from or on behalf of Chanté S. White. (*See* Mem. Exh. C. ¶¶ 4, 6-7.) Plaintiff, as explained above, has not filed a response in opposition to Defendant's motion and thus has not contravened this assertion. Because Plaintiff has failed to file the administrative claim required by law to precede her complaint, her complaint should be dismissed for lack of jurisdiction.

**CONCLUSION**

It is therefore **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's complaint for money owed be **DISMISSED**.

                                                                        _____
                                                                        WALLACE W. DIXON
                                                                        United States Magistrate Judge

Durham, NC
August 9, 2011

---

[1] A claim is filed "when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R. § 14.2(a).